**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SACOREY CLARK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-2960-JAR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of federal prisoner Sacorey Clark's Petition

for Writ of Habeas Corpus Under 28 U.S.C. § 2241. For the reasons discussed below, the Court

will give Clark the opportunity to either withdraw the instant petition, or consent to the Court's

reclassification of it as a motion brought pursuant to 28 U.S.C. § 2255.

### Background

On May 3, 2017, a jury found Clark guilty of being a felon in possession of a firearm. *U.S.*

*v. Sacorey Clark,* No. 4:16-cr-107-JAR-1 (E.D. Mo. 2016). May 9, 2018, he was sentenced to

serve 180 months' imprisonment, to be followed by a term of supervised release. On May 23,

2018, Clark filed a notice of appeal in the United States Court of Appeals for the Eighth Circuit.

On August 19, 2019 the Court of Appeals affirmed this Court's judgment, and on January 7, 2020

denied his petition for rehearing en banc.

### The Petition

Clark filed the instant petition on October 30, 2019. Therein, he claims his current

incarceration is "Unlawful/Unconstitutional, upon the existing Manifest Injustice and Existing

Void Judgment that Fails as a Matter of Law, in Light of the Supreme Court Decision in REHAIF,

1

where in this Case, only (3) Three of the (4) requisite Element(s) of the Offense has been Proven

at Trial." (ECF No. 1 at 1) (emphasis in original). Clark argues that the government failed to show

he knew he belonged to the category of persons barred from possessing a firearm. He contends he

is being held "in Ongoing Restraint(s) of his life, liberty and Property in violation of: the Law(s)

of the UNITED STATES; and also the U.S. CONSTITUTION; where Fraud, Manifest Injustice

and a Misapplication of 18 USC § 922(g)(1) & 924(a)(2), has in fact occurred." (ECF No. 1-1 at

4) (emphases in original).

Clark repeatedly states he seeks relief pursuant to 28 U.S.C. § 2241 because the remedy

via 28 U.S.C. § 2255 is inadequate or ineffective. In support, he states he can only challenge "the

current and On-going Restraint(s) of his Liberty, Demanding Immediate Release, with an Order

for Equitable Estoppel/Estoppel in pais, as Remedy/Relief, by Petitioning for Writ of Habeas

Corpus, pursuant to 28 U.S.C. § 2241, NOT any remedy by any 28 U.S.C. § 2255, which is Only

a MOTION and Motion(s) are NOT linked to Void Judgment(s), thereby 28 U.S.C. § 2255

MOTION is equally inadequate or ineffective, as a Remedy." (ECF No. 1 at 2) (emphases in

original). He contends that § 2255 addresses remedies affirmatively linked to the sentencing court

and is related to review of a sentence, whereas § 2241 addresses remedies "linked to being

delivered from unlawful custody and/or unlawful issues of Custody, as Restraint(s) NOT shared

by the Public generally." (ECF No. 1-1 at 8). He characterizes his conviction and sentence as a

void judgment, and states his conviction and sentence do not exist. He writes:

> And so, **In Light of REHAIF**, PLAINTIFF/PETITIONER is **NOT a Prisoner, as applicable under 28 USC § 2241(c)**, due to the **Existing Void Judgment**, where No error(s) are being asserted and a MOTION can NOT be filed against the said Void Judgment, as the said Void Judgment itself **eliminates and/or adversely affects any ability to Attack any Judgment** that either, Fails to exist or Fails to be an Final Judgment, as a Matter of Law, equally rendering MOTION(s), pursuant to 28 U.S.C. § 2255 **Inadequate** or **Ineffective**, especially upon No ERROR(s) being Alleged.

Instead, PLAINTIFF/PETITIONER, is being held in Unlawful Restraint(s) of his Liberty, <u>NOT</u> as a Prisoner, serving a Sentence, but is held upon RESTRAINT(s) NOT shared Generally by the Public, **Warranting the Available Relief/Remedies Sought under 28 USC § 2241(a) & (b).**

*Id.* at 2 (emphases in original).

As relief, Clark asks this Court to enter an order directing his immediate release "while equally Ordering the Void Judgment, as Voided and without binding force and/or declared inoperative." (ECF No. 1 at 7). He also asks this Court to "[i]ssue an Order for Equitable Estoppel/Estoppel in pais, upon any Related Proceeding(s)." *Id.*

Upon the filing of the instant petition, the Clerk of Court opened the action as one brought pursuant to 28 U.S.C. § 2255. Subsequently, Clark filed a motion titled "Pro Se Rule 60(a) Motion for Relief from Clerical Mistake or Order, as Petitioner's Pro Se 28 U.S.C. § 2241 Petition is <u>Not</u> a Motion Under 28 USC § 2255." (ECF No. 2). Therein, Clark contends his petition was "erroneously and fraudulently treated as a MOTION under 28 U.S.C. § 2255, which fails to have any existing Jurisdiction, as said Jurisdiction currently remains with the 8th CIRCUIT COURT OF APPEALS." *Id.* at 3 (emphases in original). He states he demands an order ensuring his petition is not treated as a motion under § 2255.

### Discussion

"It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255," not in a habeas petition filed pursuant to § 2241. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citing *DeSimone v. Lacy*, 805 F. 2d 321, 323 (8th Cir. 1986)). If a federal prisoner such as Clark brings such a challenge under § 2241, the Court cannot entertain the petition unless the prisoner first shows that remedy by § 2255 is inadequate or ineffective to test the legality of his detention. *Abdullah v.*

*Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004) (citation omitted). This requirement comes from the so-called "savings clause" found in 28 U.S.C. § 2255(e). It is the prisoner's burden to show that remedy by § 2255 is inadequate or ineffective. *Hill,* 349 F.3d at 1091.

Here, Clark's substantive arguments concern alleged infirmities in his criminal proceedings, pursuant to which he was convicted and sentenced. In other words, Clark advances a collateral challenge to his federal conviction and/or sentence, and he seeks to have his sentence vacated and his release ordered. These challenges must be raised in a motion to vacate filed under § 2255. Clark characterizes himself as one held pursuant to something other than a conviction and/or sentence, and he contends his conviction and/or sentence are non-existent, that he is not a prisoner, that jurisdiction rests with the Court of Appeals, and other similar averments. However, none of Clark's averments establish that remedy by § 2255 is inadequate or ineffective, as necessary to trigger § 2255(e). Accordingly, Clark is not entitled to relief under § 2241, and his petition is subject to dismissal for lack of jurisdiction.

Instead of dismissing the instant petition at this time, the Court will give Clark the opportunity to either withdraw it, or consent to the Court's reclassification of it as a motion brought pursuant to 28 U.S.C. § 2255. *See Morales v. United States*, 304 F.3d 764, 765 (8th Cir. 2002). If Clark chooses to consent to reclassification, he must amend the petition by filing a motion pursuant to 28 U.S.C. § 2255 on a Court-provided form. Finally, because it was not incorrect for this Court to open the instant case as one filed pursuant to 28 U.S.C. § 2255, the Court will deny Clark's "Pro Se Rule 60(a) Motion for Relief from Clerical Mistake or Order."

Accordingly,

**IT IS HEREBY ORDERED** that, within thirty (30) days of the date of this order, Clark shall advise the Court in writing whether he wishes to withdraw the instant petition, or to consent

to the Court's reclassification of it as a motion brought pursuant 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that if Clark consents to the Court's reclassification of the petition as a motion brought pursuant 28 U.S.C. § 2255, he must also file an amended motion to vacate on the court-provided form within thirty (30) days of the date of this order.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Clark a copy of the Court's form Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

**IT IS FURTHER ORDERED** that Clark's "Pro Se Rule 60(a) Motion for Relief from Clerical Mistake or Order" (ECF No.  2) is **DENIED.**

**Clark's failure to timely respond to this order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 21st day of April, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE