# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SACOREY CLARK, | ) |
| Movant, | ) |
| v. | ) No. 4:19-cv-2960-JAR |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. On October 30, 2019, federal prisoner Sacorey Clark[1] initiated this civil action by advancing a collateral challenge to his federal conviction and sentence. He characterized the action as one brought pursuant to 28 U.S.C. § 2241, and he sought to have his sentence vacated and his release ordered. Upon initial review, the Court noted that collateral challenges to a federal conviction or sentence must generally be brought pursuant to 28 U.S.C. § 2255, and that because Clark had failed to demonstrate that the remedy by § 2255 was inadequate or ineffective, he was not entitled to relief under § 2241 and the action was subject to dismissal. In its April 21, 2020 order, the Court fully explained the reasoning behind that determination, and gave Clark the opportunity to either consent to the reclassification of this action as one brought pursuant to § 2255 or withdraw his filing. The Court cautioned Clark that his failure to timely comply with the order would result in the dismissal of this action, without prejudice and without further notice.

Clark's response was due to the Court on May 21, 2020. However, to date, he has neither

---

[1] On May 3, 2017, a jury found Clark guilty of being a felon in possession of a firearm. *U.S. v. Sacorey Clark*, No. 4:16-cr-107-JAR-1 (E.D. Mo. 2016). On May 9, 2018, he was sentenced to serve 180 months' imprisonment, to be followed by a term of supervised release. On May 23, 2018, Clark filed a notice of appeal in the United States Court of Appeals for the Eighth Circuit. On August 19, 2019 the Court of Appeals affirmed this Court's judgment, and on January 7, 2020 denied his petition for rehearing *en banc*.

complied with the Court's order, nor sought additional time to do so. The Court gave Clark meaningful notice of what was expected, cautioned him that his case would be dismissed if he failed to timely comply, and gave him significant additional time to comply. Additionally, it appears that Clark has abandoned this action, as he was expressly warned regarding the consequences that would follow if he failed to comply with the April 21, 2020 order. Therefore, this action will be dismissed without prejudice due to Clark's failure to comply with this Court's April 21, 2020 order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where *pro se* plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so).

Dated this 12th day of June, 2020.

*[signature: John A. Ross]*

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE